# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00246-CR[1]

Roberto Nieto Cruz, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-15-300933, HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Roberto Cruz appeals from his conviction of aggravated assault with a deadly weapon, a second-degree felony. *See* Tex. Penal Code § 22.02(a)(2). The jury assessed a sentence of nine years in the Texas Department of Criminal Justice, Criminal Institution Division. Appellant challenges the conviction in five issues. We affirm.

---

[1] Notice of appeal for this case was originally filed in this Court in July 2016, and the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court. On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

## Background[2]

Appellant was charged by indictment with aggravated assault with a deadly weapon committed against Daniel Fong.[3] The jury heard evidence that, on the night of the offense, Appellant and appellant's brother Rudy assaulted Fong at an apartment complex on Middle Fiskville Road where both Fong and the Appellant lived. Fong testified that Appellant punched him with brass knuckles and that appellant's brother hit him with a beer bottle. Fong's wife Yolanda Cruz also testified that she witnessed Appellant punch Fong several times and that she believed that Appellant was wearing brass knuckles at the time. Further testimony showed that Fong was injured in the assault and went the hospital for his injuries, which included a broken nose and lacerations on his head that required stitches.

Austin Police officers who responded to the scene of the incident—Officers Huy Nguyen, Jared Hidalgo, and Nicholas Smith—also testified at trial. Of relevance to this appeal, Officer Nguyen testified as to what witnesses at the scene had told him about the incident, that other officers told him that certain witnesses were not cooperating with the police, and that statements by various witnesses were consistent with Fong's and his wife's testimony. Officer Nguyen also testified that he had received differing accounts regarding the existence of a weapon during the assault, with one witness telling him that it was Fong who had a weapon, and other witnesses contradicting that statement. Finally, Fong testified that he learned from other officers that the Appellant and his brother were not at the apartment complex when the police looked for them.

---

[2] The facts are summarized from the testimony and exhibits admitted into evidence at trial.

[3] Daniel Fong is also referred to as "Ernesto Cruz" throughout the record, but we will refer to him only as "Fong" to avoid confusion.

Officer Hidalgo testified, relevant here, that Fong's stepson told him that Appellant and appellant's brother, with one other suspect, assaulted Fong and that Fong did not have a weapon during the incident. Officer Hidalgo testified that appellant's mother identified herself as the manager of the apartment complex where the incident occurred. According to Officer Hidalgo, appellant's mother told him that she had not witnessed the assault, but that Fong had a knife during the assault. Finally, Officer Hidalgo testified that the witness statements that he received were consistent with statements made by Fong's stepson and appellant's mother and that the information he had received from witnesses was consistent with information received by the other police officers.

Yolanda Cruz, Fong's wife, testified about appellant's previous conduct. Specifically, she testified that she had observed Appellant bullying teenagers, including her own children, around the apartment complex. She also testified about a confrontation on December 31, 2014, where Appellant attempted to kick down the door to Fong's apartment.

After the close of testimony, the jury returned a verdict of guilty against Appellant on the count of aggravated assault with a deadly weapon. The jury assessed punishment at nine years in the Texas Department of Criminal Justice, Institutional Division. This appeal followed.

**Discussion**

Appellant challenges his conviction in five issues, arguing that (1) he received ineffective assistance of counsel because his trial counsel failed to object to fifteen instances of hearsay; (2) he received ineffective assistance of counsel because his trial counsel failed to object to portions of Officer Hidalgo's testimony; (3) the trial court erred in allowing Yolanda Cruz's testimony on appellant's "bullying" to be admitted; and (4) he received ineffective assistance of

3

counsel by failing to object to Yolanda Cruz's testimony under Texas Rule of Evidence 404; and (5) the trial court erred in allowing the prosecutor to improperly argue to the jury that appellant's mother had intimidated witnesses.

**Extraneous Misconduct Evidence**

We begin by addressing appellant's third issue, asserting that the trial court erred in admitting, over objection, Yolanda Cruz's testimony that she had witnessed Appellant bullying teenagers at the apartment complex. According to Appellant, the trial court's decision to admit this testimony violated Rule 404(b) of the Texas Rules of Evidence, which prohibits the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Tex. R. Evid. 404(b)(1).

To preserve a claim of error in the admission of extraneous offenses, a defendant must make a timely, specific objection and obtain a ruling on the objection. *See* Tex. R. App. P. 33.1(a); *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). In addition, the argument on appeal must correspond to the objection made at trial. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Here, Appellant's counsel allowed the line of questioning to continue and did not object when Yolanda Cruz testified that Appellant and his brothers would "bully the teenagers around." Appellant's counsel made no objection regarding the bullying testimony until Yolanda began to describe the bullying in more detail, and his objection at that time was that the testimony was "outside the scope of this portion of the trial." At no point did Appellant's counsel object that the testimony was inadmissible under Texas Rule of Evidence 404. On this record, Appellant has failed to preserve his complaint of error, and we overrule Appellant's third issue.

4

**Ineffective Assistance of Counsel**

In his first, second, and fourth issues, Appellant asserts various shortcomings to argue that he received ineffective assistance of counsel. Specifically, Appellant claims that because his attorney failed to (1) object to multiple hearsay statements, (2) object to Officer Hidalgo and Officer Smith testifying as to their opinions that Appellant had perpetrated the assault against Fong, and (3) object to the testimony by Yolanda Cruz regarding his extraneous misconduct under Texas Rule of Evidence 404.

We review claims of ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In order to reverse a conviction on an ineffective assistance of counsel claim, an Appellant must establish that (1) counsel made errors so serious that counsel no longer functioned as "counsel" guaranteed by the Sixth Amendment, and (2) the errors prejudiced the defense so as to deprive the Appellant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The proper standard for deficiency is whether the challenged conduct fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, an Appellant must show that there is a reasonable probability that, but for the challenged conduct, the result of the proceeding would have been different. *Id.* at 694. Any allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *overruled on other grounds, Mosely v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998). Judicial review is highly deferential to trial counsel and subject to a strong presumption of reasonable assistance. *Thompson*

5

*v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To overcome the presumption of reasonable assistance on a record silent on the motivations behind counsel's decisions, the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law and that no reasonable trial strategy could justify counsel's acts or omissions regardless of subjective reasoning. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). In such cases when the record is silent, an appellant usually cannot overcome the presumption of reasonable assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

### *Failure to lodge hearsay objections*

Appellant contends that his trial counsel's failure to object to the following fifteen instances of hearsay testimony was ineffective assistance of counsel.

1. Officer Nguyen testified that statements by Yolanda on the night of the incident were "consistent with" statements by Fong;

2. Officer Nguyen testified that while one witness at the scene claimed that Fong had a weapon, three other witnesses at the scene contradicted this;

3. Officer Nguyen testified that information in his recorded interviews with witnesses was "consistent with" statements given by Fong and Yolanda;

4. Officer Nguyen testified that he had learned that Appellant and his brother Rudy had fled the apartment complex after the fight;

5. Officer Nguyen testified that he had heard from other officers that witnesses at the scene were not cooperative;

6. Officer Hidalgo testified that he had heard from Fong's stepson, Jose Davila, that Fong had been assaulted by Appellant and his brothers;

7. Officer Hidalgo testified that Davila told him that Fong had been "jumped" by his upstairs neighbors;

6

8. Officer Hidalgo testified that Davila told him that Fong did not have a knife during the fight;

9. Officer Hidalgo testified that statements from an unidentified witness were "consistent with" statements by Davila and Appellant's mother;

10. Officer Hidalgo testified that information he had received was "consistent with" information received by other officers;

11. Officer Hidalgo testified that Appellant's mother, Mary, informed him that Appellant had not been injured in the fight and was not going to the hospital;

12. Officer Smith testified that Fong's stepson, Andrew Davila, had told him that four people assaulted Fong;

13. Smith testified that Davila told him that one of the assailants had used a bottle in the fight;

14. Smith testified that, after reviewing notes with other officers, Davila's claims were "consistent" with statements from other witnesses while another witness's were not; and,

15. Fong testified that his wife had warned him that Appellant was going to beat him up.

Initially, we note that with regard to statement numbers 1, 3, 9, 10, and 14, the Texas Court of Criminal Appeals has held that testimony stating whether out-of-court statements are consistent with one another is not hearsay because it does not reveal the contents of the out-of-court-statement. *See Head v. State*, 4 S.W.3d 258, 262 (Tex. Crim. App. 1999) (en banc). To that extent, trial counsel's failure to object to these statements as hearsay was not deficient representation.

Regarding the remainder of the challenged testimony, we note that the record in this case does not provide any explanation for why appellant's trial counsel did not object to the foregoing testimony at trial, but a complete review of the record suggests that trial counsel may have allowed the testimony to help develop appellant's self-defense strategy or to question witness

7

credibility by highlighting inconsistencies in the testimony. For example, his counsel referenced hearsay statements by the officers in his closing argument and noted that the officers "come back and testify about consistency even though they didn't see anything personally." He used the statements made by the officers in an attempt to question their credibility and, by extension, to test prosecution theories such as the claim that the fight was not mutual combat. In sum, this record does not support the contention that no reasonable trial strategy could support the failure to object to this testimony. We overrule appellant's first appellate issue.

### *Failure to object to officers' opinion testimony*

In his second issue, Appellant argues that his counsel's failure to object to opinion testimony given by Officer Hidalgo and Officer Smith's testimony constitutes ineffective assistance. Specifically, Appellant asserts that his trial counsel should have objected to the following testimony by Officer Hidalgo:

Q:    And is that—are those differences in demeanor consistent with the determination you made as to who was a victim and who was a perpetrator?

A:    Yes, sir. Well, even Mary herself had said that Daniel was the one that was going to the hospital. And we kept asking her if any of her sons were hurt or injured or needed medical attention, and she said no.

He also asserts that his trial counsel should have objected to the following testimony from Officer Smith:

Q:    Did you hear any facts that were provided to you that would indicate that this was mutual combat between Daniel Fong and the perpetrators?

A:    Not on that night, no, sir.

8

. . . . .

Q:     So back, kind of, to the initial question that brought all this about. From all of the individuals that you had spoken to and the evidence that was collected, did you form an opinion that this was mutual combat back on January 3rd of 2015?

. . . .

A:     I'm sorry. No, I did not—based on the fact that I had only seen one victim at the time and the other subjects had left the scene, to me, at that time, I would have leaned more towards it not being mutual combat because I did not see the other people that were involved.

Appellant's trial counsel used the testimony of the officers to criticize the investigation and to undermine their credibility. As the State argues on appeal, this could have been a deliberate choice to impeach the officers' credibility, especially regarding the argument that the fight had not been mutual combat. On this record, Appellant has failed to demonstrate that failure to object to these statements by Officer Hidalgo and Officer Smith was deficient.

### *Failure to object to extraneous-offenses testimony*

In his fourth issue, Appellant contends that his trial counsel should have objected on Rule 404(b) grounds to Yolanda Cruz's testimony regarding appellant's past instances of bullying, and that his failure to do so constitutes ineffective assistance of counsel. We disagree.

If the challenged evidence was likely admissible, the failure to object does not rise to the level of deficient performance. *See West*, 474 S.W.3d at 792. When self-defense is raised as an affirmative defense, the State may introduce evidence of prior aggressive acts to establish intent and rebut the defense. *Vidal v. State*, No. 11-04-00194-CR, 2006 WL 571894 at *1 (Tex.

9

App.—Eastland Mar. 9, 2006, pet. ref'd) (mem. op.) (not designated for publication). Yolanda Cruz's testimony could have been admissible under Rule 404(b)(2) as evidence of intent. *See* Tex. R. 404(b) (allowing evidence of prior acts for another purpose, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). Appellant's counsel had already raised the issue in questioning Fong about whether he initiated the fight. Appellant raised this defense, and admitting Yolanda's testimony to rebut this defense would have been appropriate. Accordingly, Appellant has failed to demonstrate that failure to object to Yolanda's statements under Rule 404 was so deficient as to amount to ineffective assistance of counsel.

Having determined that Appellant has failed to satisfy the first (deficiency) prong of the *Strickland* test, we need not consider the remaining prong. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Accordingly, we overrule Appellant's first, second, and fourth issues.

**Improper Jury Argument**

As his fifth issue, Appellant contends that the court erred in overruling his objection to the prosecutor's statement in closing argument that witnesses were afraid to testify because "[appellant's mother] is the one [sic] decides whether or not to sign up and take you application, give you a house to live in, or whether or not you get evicted." Specifically, Appellant asserts this was improper jury argument because the statement is unsupported by the evidence. *See Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) ("proper jury argument generally falls within one of

four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement.").

To preserve a claim of error regarding improper jury argument, a defendant must object each time that the argument is made, or else the complaint is waived. *See* Tex. R. App. P. 33.1(a); *Temple v. State*, 342 S.W.3d 572, 603 (Tex. App.—Houston [14th Dist.] 2010, *aff'd* 390 S.W.3d 341 (Tex. Crim. App. 2013)). Here, the prosecutor raised the intimidation issue on at least two occasions, but Appellant only objected to the latter instance. Earlier in his closing argument, the prosecutor referenced the intimidation issue when he argued:

> "Unfortunately, many of you probably have not had the experience of living in an apartment and living in an apartment complex like Mr. Fong did, where every day he's got to go to that apartment knowing that this defendant and each and every one of his family members are there to make the decision on whether or not he has a place to lay his head, along with his wife and all of the other kids that live in the home with him. Think about that. Mary, his mother, runs that place with the help of who? You. They run that place. Bullies."

Appellant's failure to object on each occasion constitutes a waiver of error. *See id.* ("A defendant must object each time an improper argument is made, or he waives his complaint, regardless of how egregious the argument."). Accordingly, we overrule Appellant's fifth issue.

### Conclusion

Having overruled all of Appellant's issues, we affirm the district court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

11

Affirmed

Filed:   August 28, 2018

Do not publish